Thank you. And if it may please the court, I am Martin Kaskavich for the petitioner, Mr. Evanson. Give me a minute to put away the papers. Absolutely. Well, you got to hear a lot of interesting things. I'm sorry? I said you got to hear a lot of interesting things. That's, well, many things that I didn't understand. Well, many things I may not still understand. Okay. Go ahead, Mr. Kaskavich. And I was going to ask for five minutes, but under the circumstances, I guess that won't be necessary. We're here today to ask the court to vacate and remand this matter back to the Board of Immigration Appeals that reversed the decision of the immigration judge in this case. Mr. Evanson is a 40-year-old single father of three. His oldest child deceased a few months ago. He's been a permanent resident of the United States for 25 years. He has a long history of employment in the health care system, an honorable discharge from the U.S. Army Reserves after serving for eight years, and extensive family ties to the United States. But in 2005, he was arrested and charged with possession with intent to distribute marijuana. Now, whose car was he in? It was the mother of one of his children's car. Because your brief at some point says it's the brief of the – it was the car of the youngest. The youngest child. But the youngest child – if the oldest child died at the age of 16, the youngest child couldn't be old enough to have a car. No, the mother of the child, not the child's car. Yeah. Oh, all right. Youngest child's mother. Yes. And was the first girlfriend. Yes. All right. And the marijuana was in the trunk of the car. And according to Mr. Evanston, it belonged to a friend of his. He stated that he knew that he shouldn't have let his friend put it there, that he shouldn't have let it stay there. He testified that he had no idea how much marijuana was in it. But he was arrested and charged with a number of offenses, including possession and possession with intent to distribute, possession of drug paraphernalia. When he went to trial, he pled guilty to the possession with intent to distribute and also to the conspiracy charge since there was more than one person in the car. Clearly, he did not get proper advice as to what charges to plead to for immigration consequences. He could have avoided the situation. But under the circumstances, he pled guilty to that. Now, in the criminal complaint, in the other documents – What else could he have done? He pled guilty to possession of marijuana. Possession with intent to distribute. All right. But he didn't plead to a specific amount. No specific amount. As a matter of fact, it's not required. Let me stop you. Were there any counts in the information that contained a specific amount? There was nothing in the evidence of record that says an amount other than the conviction sheet. I understand. And it's handwritten on there. That's not an element of the offense. It's not something he would have had to have pled guilty to. But in the charging instrument, the information, there was no specific amount. There was no – So he pled guilty to possession with the intent to distribute. That's correct. Also, down in the case below, when it's before the immigration judge, none of the attorneys, including the attorney for the government, who bore the initial burden of proof on the aggravated felony statute, did not offer either the testimony, the plea, the transcript, or the colloquy. Yeah, how about the plea? I do remember taking pleas like this, and I always ask how much you had in your possession. Was there any statement made about how much drugs he was pleading guilty to? Mr. Evanson stated that he didn't know how much marijuana was in the car. He didn't know. This was in the state court. This was in state court. He had no idea. Now, the sheet of the conviction record had – it was handwritten, and it had an amount there. But there's no lab report in the evidence of record. And as I was saying, the government bore the initial burden of proof on the aggravated felony. They have to show it's an aggravated felony. I understand. You don't want us to go there. No. Well, could I ask you about that? You agree that if it was .4241, whatever it was, that was not a small amount within the exception? Well, in the federal statute, it doesn't define small amount. But the cases do, and the cases show that less than that is not a small amount. That less than – .4241, whatever the specific amount was. But the board – .48. It was .48. .4. Yeah, .4841, and that's 219 grams of marijuana. That's correct. And there are cases that say that lesser amounts than that are not – Is not a small amount. Are not a small amount. Right. So you wouldn't fit within the – he wouldn't fit within the small amount exception because there was no remuneration here. But the board didn't address those cases. The board cited to a Pennsylvania statute and said that Pennsylvania defined small amount as less than 30 grams. It didn't point to anything in the federal statute. Well, I guess the question is, do we go to that sentencing judgment document? Because under Shepard, if there's no explicit factual finding, as I understand Shepard, you're not supposed to go there. And unfortunately, in the case below, no one really raised – I mean, his attorney at the trial level didn't contest the sentence sheet or the amount, which he could have. And it was just kind of assumed – That's what I was going to ask you. Because in Shepard, it also says – there's something that says, to which he had admitted. Admitted. Yeah. That's right. Judge Olmsted. Admitted. And is silence an admission, or do they have to specifically admit it for purposes of Shepard so that it can be considered? Well, as far as this case, you can't tell if he ever admitted to any certain amount. When he testified before the judge, I believe he said he didn't know how much marijuana there was. And none of the attorneys offered the colloquy. So we don't know if the – the sentencing judge asked him to a certain extent. The record's not really clear how that amount got there. There's no lab report or any other documents to establish it. What would we do with a case like this? If you were to prevail on this issue, he still can be deported, I suppose. Under the illicit trafficking. Yeah. Under the other prong, right? I think under the illicit trafficking, I think he has a stronger argument because of the fact that there's no trading or dealing element to the offense at all. But the BIA never reached that. No, they did not address that. So, therefore, if you convince us that we cannot sustain it on this gram, all we could do was send it back to the BIA where you can argue some more. Is that your view? I think so. Well, the immigration judge actually – And moreover, the BIA did not discuss our cases of June and Garcia, did it? They did not at all. They did not address any of the federal cases other than they cited to the Pennsylvania statute. And since the board also cannot make – I'm sorry. Excuse me. Is it June that discussed this very same Pennsylvania statute? Or was that Garcia? They both do. They both do. Okay, so we have two cases from this court that discuss the same statute involved here, and yet the BIA did not consider it. They did not. All right. And since the BIA also cannot make factual determinations, and this is a question of fact to some extent because it's implicated in the legal question whether or not it's an aggravated felony. Which comes up a lot. And it will continue. It really should be remanded back to the immigration judge for further findings of fact, which the board cannot do. Wait a second. But the immigration judge already determined that. It was not. Well, the immigration judge also did not explicitly go through the analysis. I think the BIA reversed the – The immigration judge granted the – Mr. Ebbetson was applying for a form of relief from deportation called cancellation removal. He granted the cancellation removal. He granted it. Okay. Yeah, the BIA reversed. Okay. On the matter of law, on the issue of law. Okay. So your suggestion is to remand it to the BIA to remand it further to the IJ for factual – For factual findings. And the record – because the consequences are really so severe, there are three children involved that are going to be injured by his removal. The judge found that there was sufficient facts to grant the case – The IJ. The IJ. That it needs to be sent back so that these documents can really be offered into the record and that a solid decision can be made whether or not this is going to be found to be an aggravated felony. Okay. Because it's just too important for Mr. Ebbetson and his children not to do that. We can't determine on the record we have before us that it's not an aggravated felony. I think that you can do that. I thought that was your argument. That is my argument. To stop at the charging instrument, we don't go to the judgment of conviction document because there was no explicit finding of fact. That's correct. Therefore, we're left with no facts on which to say it was a trafficking. A trafficking offense. Right. Or – No, no, no. And if that's true, then the only thing left is what? Is what? Would be to reinstate the immigration judge's decision. Well, we – or we – no. But what we're doing is we're going – right now we're talking about the hypothetical federal felony. We're not talking about the trafficking because there was no finding of trafficking. There was no finding. That's right. We can't – we can't do – we can't – it could go back and they could decide there was trafficking. We don't know. We don't know. But I think his argument is stronger against the illicit trafficking. If you were to prevail on the aggravated felony issue, then what's left of the case? Well, the aggravated felony has both components. The trafficking. Trafficking. And we can't – as I understand you to agree that they didn't consider the trafficking. They did not. Below. So we can't grant a petition on that ground. Right. It's just not before us. Right. I mean – You say – what you're telling – as I understand it – you tell me if I'm wrong. What you're saying is we can't – we have to – we have to reverse or grant the petition as to the BIA's ground because that doesn't comply with Shepard. That's correct. And as to anything else, we have to send it back. Any issues they didn't reach. On the aggravated felony. And that's the other route to the aggravated felony. That's the other route to it. The illicit trafficking. Which they did not address in their decision. Okay. Do you have any questions? Judge Aldisert? No, I don't. Judge Winter? I think that's a good solution. Judge Slobiner? No. I have no further questions. Thank you very much. Thank you very much. I appreciate giving the time and the opportunity. Well, yes. And I can assure you we're going to find out whatever happens to the Attorney General's representative. I just hope it's nothing serious. Well, I hope so, too, but you would think they would let us know. I would think so. Yes. I would have. Thank you very much. All right.